265 P.2d 639

STATE, By and Through Its ENGINEERING COMMISSION, et al.

v.

BIRD & EVANS, Inc.

No. 7939.

Supreme Court of Utah.

Dec. 23, 1953.

E. R. Callister, Jr., Atty. Gen., Robert B. Porter, Asst. Atty. Gen., John W. Horsley, Asst. Atty. Gen., for appellant.

Pugsley, Hayes & Rampton, Salt Lake City, for respondent.

WADE, Justice.

An appeal from an interlocutory order in an action by the State of Utah through its Engineering Commission, plaintiff and appellant here, in an action to condemn a tract of land near the "This is the Place" monument at the mouth of Emigration Canyon. The same action involving other defendants and other issues was here before us in State v. Peek, Utah, 265 P.2d 630, where a map of the lands and some details are stated which are not repeated here.

The First Special Session of the 1951 Legislature directed the Engineering Commission to condemn forthwith the lands therein described[1] and for that purpose this action was commenced on July 11, 1951. Defendant Bird & Evans, Inc., respondent here, was made a party to that ac-

tion as the owner of parcel No. 7, consisting of three adjoining lots in the heart of the residentially platted area north of State Road No. 65 which runs through Emigration Canyon. In due course respondent filed its answer claiming damages for the taking of parcel No. 7 without setting out its claim which is involved here, a trial was had to a jury, the amount of the award was paid and accepted, and the matter as far as that parcel is concerned was closed by a final order of condemnation dated March 21, 1952.

On April 1, 1952, with leave of the court, respondent filed what it designated a cross-complaint in that action. In reality this was a counterclaim, for it sets out a claim against an opposing party and not one against a co-party in the action. Therein respondent alleges ownership of the tract of land involved in this proceeding, which lies outside of the tract sought to be condemned, consisting of about 34.4 acres. It adjoins on the east the south part of the property belonging to the trustees of the Deere Estate which is a part of the property sought to be condemned and which is traversed from east to west by Kennedy Drive. Respondent further alleges that if the part of Kennedy Drive which traverses the property sought to be condemned is condemned and closed it will result in $120,-000 damages to respondent's tract of land and in $32,000 if it is condemned but maintained as a public thoroughfare.

---

1. See First Special Session Laws of Utah for 1951, Chapter 13, Section 8, Page 17.

Kennedy Drive has not been closed at any time as a result of this action, and no one's right to use the same has ever in any way been interfered with on this account. The Commission does not now intend or threaten to close that Drive and never has so intended or threatened. The Commission's attorney so stated during the argument in the trial and offered to have that drive designated by the Commission as a park road. During the trial of State v. Peek, supra, in May of 1952, wherein the lands through which the Drive runs were condemned, it was stipulated that for the purpose of that trial Kennedy Drive would not be considered closed and the defendant therein reserved the right to proceed for further damages in the event it was ever closed. In the Second Special Session of the 1951 Legislature in June of 1952, a bill was introduced but failed to pass which provided that "the action by the Engineering Commission, * * * in not condemning * * * that portion of Kennedy Drive embraced within the limits of the park area is approved and ratified." Another bill was passed at that session which dealt with the use and maintenance of the park but did not mention either Kennedy Drive or State Road No. 65 which traverse the condemned park area.[2]

On December 1, 1952, this matter came on for trial with a jury. Upon argument in the absence of the jury the court ruled that the lands embraced within Kennedy Drive where it traverses the lands which were involved in State v. Peek, supra, had been condemned by the legislative act and the resolution of the Commission, and that such Drive was thereby closed to respondent and its right to use the same taken away and the respondent elected to go to trial on that theory. Thereupon we granted the Commission's petition for an interlocutory appeal to determine that question. Respondent's land which is involved in this action is not adjacent to nor in any manner connected with parcel No. 7 which it formerly owned and is located some distance away from that parcel.

On March 9, 1953, while this appeal was pending the 1953 Legislature amended Section 63–11–10, U.C.A.1953, to exclude Kennedy Drive from condemnation under that statute.[3]

Two questions require our consideration: (1) Was respondent's claim barred by failure to plead it in the original answer? (2) Did the court err in holding that Kennedy Drive had been condemned and closed to respondent and its right to use the same taken away?

 This claim was not barred by failure to plead it in answer to plaintiff's complaint. Rule 13(e), U.R.C.P., provides that "when a pleader fails to set up a counterclaim * * * when justice requires,

2. See House Bill No. 3, Second Special Session Laws of Utah, 1952, Chapter 2.

3. See Chapter 122, Section 63–11–10.

he may by leave of court set up the counterclaim by amendment." Although this was not an amendment but an independent pleading to respondent's original answer it comes within the spirit and purpose of that provision, which was to allow the court within the court's discretionary latitude thus provided for in correcting of a mistake, failure or oversight.

■ Also, this claim was not a compulsory counterclaim under Rule 13(a), which requires that "a pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim * * *." Our question is whether the "transaction or occurrence that is the subject-matter of the opposing party's claim" includes appellant's claimed right to condemn the entire park area or is limited to appellant's claimed right to condemn only parcel No. 7 which is the only claim which appellants have against respondent. This opposing party's claim mentioned in the rule refers only to the claim of the opposing party against the party who has the counterclaim, not a claim which the opposing party has against a third person. If the land over which Kennedy Drive passes were owned by respondent and being condemned by appellant then respondent's claim would come within that provision but since that land does not belong to respondent and the taking of parcel No. 7 has no connection with respondent's counterclaim this compulsory counterclaim rule does not cover this case.

■ However, there is no ground for the holding that respondents were entitled to damages on the theory that Kennedy Drive had been condemned and closed to respondent and its right to use the same taken away. If there ever was any doubt about this question it is completely dissipated by the 1953 amendment to Section 63–11–10, U.C.A.1953, which expressly excludes it from the lands condemned under that act. In view of this fact and the fact that it appears that there never was any interference with respondent's use of that drive or any manifest intention to do so in the future, it would be completely erroneous for the court to assess damages to respondent's property on the basis that that Drive had been condemned and closed and respondent's right to use it had been taken away.

Reversed and remanded to proceed in accordance with this opinion.

Costs to appellant.

WOLFE, C. J., and McDONOUGH, CROCKETT, and HENRIOD, JJ., concur.